Geai-iam, Judge,
delivered the opinion of the court:
The original plaintiff was the McMyler Interstate Company. Since the commencement of this suit A. G. Newcomb and P. A. Connolly, receivers of said company, have been substituted as plaintiffs.
On November 17, 1919, the McMyler Interstate Company entered into a written contract with the Government for the erection of three steel traveling tower derricks in the bed of the Tennessee River, near Florence, Alabama. The Government at the time was preparing for the reception of these derricks by building a cofferdam, but the work on this cofferdam was not completed, so that the bed of the river was not available for work by the company until about May 1, 1920, and the foundation for the first derrick was not completed until May 17,1920.
It appears from the findings that the defendant had delayed the work on the first derrick 168 days, on the second 178 days, and the third 178 days. There was a provision in the contract for liquidated damages, and liquidated damages were assessed against the company, and payment of a part of the contract price was withheld. Inasmuch as the Government delayed the work in the beginning and also afterwards, the court will not undertake to fix the date from which liquidated damages will begin to run (see Greenfield Tap & Die Corporation v. United States, No. F-157, decided by this court May 6, 1929 [ante, p. 61]), and the plaintiffs are entitled to recover said amount so withheld.
The Government is asserting a claim for $1,275 by way of a deduction, but the findings show that this was practically *251 withdrawn in the negotiations between the parties. It grows out of a claim that the Government had to expend this sum in constructing a track it would not have been required to construct if the derricks had been completed within the contract time. As the court has not undertaken to fix responsibility for delays, and the findings do not show that the delays were due to acts of the company, it follows that this claim can not be allowed.
The company completed the contract, and the Government accepted the work. The contract price was $36,000 for each of the three derricks, making a total of $108,000. • The company has received in cash or its equivalent the sum of $88,615, leaving a balance of $19,325, and for this amount plaintiffs are entitled to judgment, and it is so ordered.
SiNNOTT, Judge; GREEN, Judge; and Booth, Chief Justice, concur.
Moss, Judge, took no part in the decision of this case, on account of illness.